MARK R. MOFFAT (#5112)
Attorney for Defendant
BROWN, BRADSHAW & MOFFAT, L.L.P.
10 West Broadway, Suite 210
Salt Lake City, Utah 84101
Telephone: (801) 532-5297
Facsimile: (801) 532-5298

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | SUPPLEMENTAL REQUEST FOR DISCOVERY AND REQUEST FOR GIGLIO INFORMATION |
|---|---|
| Plaintiff, | |
| v. | |
| RICHARD RAYMOND BOURRET, | Case No. 2:09CR-303DB |
| Defendant. | |

Richard Bourret, by and through his attorney, Mark R. Moffat, hereby requests that items of discovery identified below be disclosed to the defendant by the prosecution. Mr. Bourret's request is made pursuant to Rule 16(a), Federal Rules of Criminal Procedure, the Due Process Clauses of the Fifth Amendment to the United States Constitution, as well as *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).

1.  Complete copies of any and all service agreements entered into between the United States, the FBI, the BLM, the IRS and/or any other state or federal agency and any witness in the case, including but not limited to, the Source.

2.  A complete copy of the Source's/confidential informant's file.

3.  A complete explanation of any and all offers of leniency, written or oral, that were extended to any witness in the case including, but not limited to, the Source by any individual

representing or acting as an agent of the United States Government, including, but not limited to, the Federal Bureau of Investigations (FBI), the United States Bureau of Land Management (BLM), the United States Internal Revenue Services (IRS), the United States Drug Enforcement Agency (DEA), United States Attorney's office, United States Department of Justice (DOJ) and/or any other agency. For each offer of leniency identified, the defendant requests.

      a.    The identity of the individual who made the offer of leniency;

      b.    The date of the offer of leniency;

      c.    The substance of the offer of leniency;

      d.    The identity of every person present at the time the offer was extended.

4.    A list identifying the date, time, location and identity of participants of every conversation known to the Source and/or any agent of the United States Government involving the September 14, 2008, excavation that is the subject of the indictment in this case.

5.    Copies of any and all recorded conversations known to the Source and/or any agent of the United States Government involving the September 14, 2008, excavation that is the subject of the indictment in this case.

6.    The date, time, location and identity of participants of each and every conversation that supports or relates in any way to statements set forth in a letter dated September 4, 2008, from the United States Attorney's office to the Bureau of Land Management that:

      a.    "Your confidential source. . .has been asked to participate in the excavation of an archeological site which may include a Native American burial site."

   b. "The source cannot refuse to participate in the excavation without risking disclosure of his status. "It is apparent that the target of the investigation intends to conduct the excavation with or without the source's participation."

   c. Any efforts to prevent the excavation at this time would create a substantial risk that the entire undercover operation would be exposed."

 7. Copies of any and all recorded conversations that relate in any way to the items requested and statements identified in paragraph/request 3.

 8. All information known to the United States Government relating to the fact that the site was the subject of prior "looting," including, if known:

   a. The date of such looting;

   b. Identity of any individuals involved.

 9. Copies of any and all documentation relating in any way to the manner in which the site was chosen for excavation by the Source and/or any agent of the United States Government.

 10. All reports, notes and/or documentation of any kind that relates in any way to the following statement contained in the Damage Assessment Report for Site 425A9266 under the heading "Damage Assessment Procedures Prefield Research": "However, this particular site was chosen based on the informant's personal knowledge that burials were present."

 11. Copies of any and all reports, notes, documents or photos/videos relating to any visit to the site prior to the alleged illegal excavation by the Source and any agent of the United

States Government, including, but not limited to, BLM Monticello Field Office law enforcement Ranger Marie Tuxhorn.

12. Any information known to any law enforcement agent and/or agent of the United States Government that the source and/or any other known individual had been involved in any way in prior looting of the archaeological site.

13. Copies of any and all documentation demonstrating that the United States Government consulted with and/or received permission from any Indian tribe which may consider the site as having religious or cultural importance as stated in §4(c) of the Agricultural Resources Protection Act of 1979 (ARPA).

14. Copies of any and all documentation demonstrating that any agent of the United States Government provided notice of any kind to any Native American tribes as required by §10.3 and/or §10.5 of the Native American Grave Protection and Repatriation Act (NAGPRA).

15. The September 14, 2008, excavation operation plan, including, but not limited to, all procedures, operational guidelines, rules and/or protocol establishing the manner in which undercover excavation of archeological sites was to be undertaken, including:

    a. Any restriction on excavation;

    b. Application process;

    c. Approval process.

16. Recordings of conversations between Vern Crites and the Source on the following dates:

    a. Phone call on June 16, 2008, (see page 19 of Crites' Search Warrant);

      b.      Phone call on July 9, 2008, (see page 20 of Crites' Search Warrant);

      c.      Phone call in approximately mid August 2008 confirming August 26, 2008, dig (see page 20 of Search Warrant);

      d.      Phone call approximately one (1) week prior to September 14, 2008, to schedule trip with Crites on September 14, 2008.

DATED this 15th day of January 2010.

/s/Mark R. Moffat
_____
MARK R. MOFFAT
Attorney for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2010, I electronically filed the foregoing Supplemental Request for Discovery and Request for Giglio Information with the Clerk of Court using the CM/ECF system which sent notification of such filing to the following:

Richard McKelvie
Assistant U.S. Attorney
185 South State Street, #400
Salt Lake City, Utah 84111

/s/Michelle Carter

H:\MRM\P\3499.wpd