RICHARD P. MAURO (5402)
43 East 400 South
Salt Lake City, Utah 84111
(801) 363-9500
Attorney for Marie Crites

_____

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARIE CRITES,<br><br>Defendant. | **FORMAL REQUEST FOR DISCOVERY PURSUANT TO RULE 16 OF THE RULES OF CRIMINAL PROCEDURE**<br><br>Case No. 2:09 CR 303<br><br>Honorable Dale A. Kimball |

Defendant, Marie Crites ("Defendant"), by and through her counsel, Richard P. Mauro, hereby requests discovery pursuant to Rule 16, Federal Rules of Criminal Procedure and the Due Process Clauses of the United States Constitution.  Defendant requests:

1.  <u>Discovery Pursuant To Brady v. Maryland, 373 U.S. 83 (1963)</u>

Defendant requests any/all evidence and documentation which tends to negate the guilt of the defendant, or mitigate the guilt of the defendant, or mitigate the degree of the offense that has been discovered by any member of the agencies involved in the investigation or prosecution of the above-entitled case, *see Brady v. Maryland*, 373 U.S. 83 (1963), specifically, but not limited to:

  a.  The "address book document" indicated in a 302 dated November 19,

2006, page 4 (Inv. # 00291). This 390- page document was addressed by counsel for Mr. Lyman at the prior status conference on November 23, 2009. The Government indicated that it had the document in its possession and would provide it to defense counsel. As of this writing, defense counsel has not been provided this document.

  b. Evidence and documentation of ownership of the artifacts allegedly transferred, sold or traded by Ted Gardiner or Gardiner Antiquities to Vern and/or Marie Crites. At a minimum this request should include information about transfers of artifacts on or about October 9, 2007, February 19, 2008, June 10, 2008, and August 27, 2008.

  c. Evidence and documentation possessed by the United States and/or Ted Gardiner related to the authenticity and/or legality of the artifacts which were allegedly transferred during any of the alleged artifacts transactions involving Vern and Marie Crites.

  d. Evidence and documentation of Ted Gardiner or Gardiner Antiquities' guarantee of the legality and/or authenticity of any artifacts that were part of transfer, sale or trade with Vern or Marie Crites, which were possessed, sold, or otherwise handled by Ted Gardiner or Gardiner Antiquities. Ted Gardiner kept a file of provenance letters on every item he sold in order to "protect himself." Ted Gardiner provided at least one of these letters of provenance to the FBI which was filed into their investigative file 1A (INV # 0000290). Defense counsel is requesting all provenance letters (real and fictionalized) confiscated or provided to law enforcement.

  e. Any/all maps provided by Ted Gardiner and shown to and confiscated by law enforcement that document known burial sites of artifacts. In an interview with law enforcement on November 19, 2006, Ted Gardiner indicated that he had over 300 7.5 minute

maps of Southern Utah which document hundreds of burial sites and archeological sites. These maps were shown to the interviewing agents. (INV # - 000290).

 f. Records kept by Ted Gardiner or Gardiner Antiquities, between the period of 2003 and 2009, of all income and sales of archeological resources/artifacts.

 2. <u>Evidence/Documentation Involving Co-Conspirators, Indicted and Un-Indicted.</u>

 a. Evidence and documentation of all co-conspirators that the Government did not indict. This may include, but is not limited to, un-indicted co-conspirators who interacted with Ted Gardiner, and/or Ted Gardiner purchased from, during the time period of November 19, 2006 through June 1, 2009.

 3. <u>Discovery Related To Giglio v. United States, 405 U.S. 150 (1972).</u>

 a. A detailed explanation of the circumstances under which police, agents and/or the prosecution enlisted, hired, and/or employed Ted Gardiner as an non-law enforcement or cooperating witness;

 b. The CI Payment Record or any other similar document used by the government to document payments to Ted Gardiner;

 c. The CI Establishment Report or any other similar document used by the government pertaining to Ted Gardiner;

 d. The Cooperating Individual Agreement or any other similar document used by the government pertaining to Ted Gardiner;

 e. The Voucher for Payment for Information and Purchase of Evidence or any other similar document used by the government pertaining to Ted Gardiner;

 f. Copies of all debriefing reports pertaining to Ted Gardiner;

g. Copies of case initiation reports bearing on utilization of Ted Gardiner as a CI;

h. Copies of all statements prepared by Ted Gardiner;

i. Copies of all administrative correspondence pertaining to Ted Gardiner;

j. Any deactivation reports or declaration of an unsatisfactory performance by Ted Gardiner;

k. All quarterly and/or other review documents regarding Ted Gardiner's performance as an informant.;

l. Ted Gardiner's entire confidential informant file. This would include any service agreement and/or cooperation agreement between Ted Gardiner and any person or agency.

m. Any/all evidence or documentation involving investigation of Ted Gardiner prior to his role as a confidential informant.

n. Any/all evidence or documentation involving Ted Gardiner's use of illegal drugs or abuse of prescription drugs.

o. Any/all evidence or documentation involving Ted Gardiner and the Internal Revenue Service.

p. Ted Gardiner's criminal record.

q. Any/all evidence or documentation regarding Ted Gardiner's misappropriation of government funds during the illegal artifacts investigation. Additionally, any/all evidence and documentation regarding Ted Gardiner's dishonesty or lying to agents.

    r.      Any and all additional benefits offered to Ted Gardiner such as promises not to file charges, to drop charges, or reduce criminal charges; assistance in state or local criminal proceedings; and any promises or agreements to write letters or make affirmative representations to other law enforcement, prosecuting agencies or courts detailing Ted Gardiner's cooperation;

    s.      Any/all promises, agreements, or other consideration made to Ted Gardiner regarding forfeiture of artifacts or other assets;

    t.      The full details of any consideration or other benefits made or offered to third parties a result of Ted Gardiner's cooperation; and

    u.      Any/all evidence and documentation regarding how much Ted Gardiner was allowed to offer for any specific artifact.

    3.      <u>Other Discoverable Evidence</u>

    a.      Any/all evidence or documentation, including but not limited to, any meetings or discussions, between law enforcement and Ted Gardiner between November 19, 2006 (when first meeting between FBI agents and Ted Gardiner took place) and June 14, 2007 (Ted Gardiner's first buy working with agents).

    b.      Any/all evidence and documentation of conversations between Ted Gardiner and indicted individuals to set up or arrange purchases/buys of artifacts.

    c.      Notice by the Government of archeological experts it has consulted with, hired, or has in anyway been involved in the artifacts cases. This notice should include, but is not limited to, archeological experts consulted with or hired during search of all co-conspirators homes, and during analysis of artifacts listed in indictments. This list should include the expert's full name,

appropriate title, and current phone number and/or address where he/she can be reached. Defense counsel believes this request is appropriate since the Government has consulted with several archeological experts around the state and defense counsel is having trouble securing an archeological expert of its own.

  The above list, as well as other appropriate discovery, must be provided on an ongoing and continuous basis throughout these proceedings.

  DATED this 15th day of January, 2010.


        /s/ Richard P. Mauro
        RICHARD P. MAURO
        Attorney for Marie Crites

## CERTIFICATE OF DELIVERY

     I HEREBY CERTIFY that on the 15th day of January, 2010, a true and correct copy of the foregoing **FORMAL REQUEST FOR DISCOVERY PURSUANT TO RULE 16 OF THE RULES OF CRIMINAL PROCEDURE** was electronically filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

Carlie Christensen
First Assistant United States Attorney


Richard D. McKelvie
Assistant United States Attorney


Cy H. Castle
Assistant United States Attorney


                                             /s/ Heather Stokes