CARLIE CHRISTENSEN, Acting United States Attorney (#0633)
RICHARD D. McKELVIE, Assistant United States Attorney (#2205)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah  84111
Telephone:  (801) 524-5682   Fax: (801) 524-4475

_____

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:09 CR 303 DB |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT MARIE CRITES' REQUEST FOR DISCOVERY** |
| CARL LAVERN CRITES MARIE V. CRITES, and RICHARD R. BOURETT, | |
| Defendants. | Hon. Dee Benson |

_____

Pursuant to Fed. R. Crim. P. 16(a)(1), the United States of America hereby files its responses to Marie Crites ("the Defendant's") Request for Discovery.

1a.  The requested "address book document" is not discoverable because it is not material to preparing the defense in this case and its disclosure would constitute an unwarranted invasion of personal privacy.  The document consists of 309 pages of individual names and e-mail addresses.  The book does not contain any records of sales transactions.  The individuals whose names and e-mail addresses are contained in the book have a substantial interest in the nondisclosure of their identities and any connection they may have to a particular criminal investigation.  If the Defendant contends that despite this description of the document, she is still entitled to inspect it, the United States

will submit the document to the court for an in camera determination as to its materiality and whether disclosure would violate the privacy rights of the individuals whose names and addresses are contained in the book.

1b.  Evidence and documentation of the previous ownership of the artifacts allegedly transferred by the Defendant as charged in the indictment, including evidence and documentation possessed by the Confidential Source, indicating prior ownership by the Source of the subject artifacts were previously provided to the Defendant.

1c.  Evidence and documentation possessed by the United States and/or the Confidential Source related to the authenticity and/or legality of the artifacts which were allegedly transferred during any of the alleged artifact transactions involving Vern and/or Marie Crites were previously provided to the Defendant.

1d.  Evidence and documentation of the Confidential Source's guarantee of legality and/or authenticity of any artifacts listed in the indictment which were possessed, sold, or otherwise handled by the Source were previously provided to the Defendant.

1e.  Any/all maps that document known burial sites or artifacts which were shown to law enforcement by the Confidential Source are not discoverable because they are not within the United States' possession, custody or control; and because they are not material to preparing the defense in this case. *See* Fed. R. Crim. 16(a)(1)(E). No maps belonging to the Confidential Source and documenting known burial sites or artifacts were confiscated by law enforcement.

1f.  Records of income and sales of archaeological resources/artifacts kept by the Confidential Source between 2003 and 2009 are not discoverable because they are not

within the United States' possession, custody, or control; and because they are not material to preparing the defense in this case.  *See* Fed. R. Crim. 16(a)(E).

2.  Evidence and documentation of co-conspirators whom the government did not indict is not discoverable because it is not material to preparing the defense in this case. *See* Fed. R. Crim. 16(a)(1)(E).

3a. - 3i.  Contemporaneous with these responses, the United States is providing to the Defendant copies of the Service Agreement which the Confidential Source entered into with the FBI, the Hold Harmless Agreement, the NCIC check, and the payment records contained in the Confidential Source's file.  All other discovery responses related to *Giglio v. United States*, 405 U.S. 150 (1972) will be provided to the Defendant sufficiently in advance of trial that the Defendant's counsel will have an adequate opportunity to use the disclosed material to prepare and present the defendant's case.

4a.  Any/all evidence or documentation including meetings or discussions, between law enforcement and the Confidential Source between November 19, 2006 and June 14, 2007 were previously provided to the Defendant.

4b.  Any/all evidence and documentation of conversations between the Confidential Source and indicted individuals to set up or arrange purchases or sales of artifacts were previously provided to the Defendant.

4c.  A list of the archaeological experts which the United States has consulted with, hired, or has in anyway been involved with the artifacts cases is being provided contemporaneously with these responses.

DATED this 16th day of February, 2010.

CARLIE CHRISTENSEN
Acting United States Attorney


/s/ Carlie Christensen
CARLIE CHRISTENSEN
RICHARD D. MCKELVIE
Assistant United States Attorneys

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States and that copies of the United States' Response to Defendant's Request for Discovery and *Brady/Giglio* Information were electronically transmitted to all parties named below, this 16th day of February, 2010:

RICHARD MAURO
43 East 400 South
Salt Lake City, Utah 84111


/s/Carlie Christensen